MEMORANDUM OPINION
PROCTOR, J.
This case came on for hearing upon the several petitions and motions growing out of the attachments issued August 29,1933, involving two bank deposits at the Union Trust Com *50 pany, in the names of Independent Taxi Owners Association, Inc., and Independent Taxi Owners Association, Trustee, respectively, and a deposit at the American Security and Trust Company in the name of Diamond Service Company. The hearing proceeded upon an understanding between court and counsel that all pending matters would be consolidated for the one hearing, which extended over several days. A careful consideration of the record and evidence leads to these conclusions:
1. The fund deposited in the name of Independent Taxi Owners Association, Inc., is the absolute property of that corporation, and subject to attachment on the judgment.
2. The fund deposited in the name of Independent Taxi Owners Association, Trustee, is not a trust fund, although so labeled. The corporate Association is the actual owner, and not, as contended, a trustee of the fund for the benefit of persons comprising the membership of said Association. The establishment and administration of a fund of this very nature, denominated a “sinking or reserve fund,” was declared to be one of the purposes of incorporation. Each taxicab owner in joining.the Association has been required to agree to make regular payments for said fund. His membership may be terminated for default. The money is under control of the Association. The member, as an individual, has no control thereof. Upon discontinuance of his membership, voluntary or enforced, he has no right to or interest in the fund, or any part thereof. These are the realities which give true character to the fund and clearly reveal it to be the property of the corporation. It is therefore subject to the attachment.
3. The fund deposited' in the name of Diamond Service Company is the property of the Independent Taxi Owners Association, Inc. The evidence, too voluminous to discuss in detail, convinces me that the Diamond Service Company is a mere creature of the Association of taxicab owners. Through *51 their corporate organization they own all the capital stock. By placing their directors and officers in parallel positions with the service company, they wield an absolute control. Although separate books, bank accounts, etc., have been kept, and other formal appearances maintained of separate and independent entities, yet as to substantial things concerning control of moneys and direction of vital affairs, there are many evidences that the service company has been treated as a mere instrument or department of the Association in conducting and promoting the mutual business and welfare of the members in operating their taxicabs. For these reasons I think the corporate form should be disregarded and the fund held to be an asset of the Independent Taxi Owners Association, Inc., and subject to the attachment.
I need not pass upon the charge that the taxicab owners have resorted to methods and practices designed to attract patronage by leading the public to believe their corporate association is financially responsible, and yet to evade legal responsibility when it chooses to do so. That charge has been strongly protested. However that may be, there has been a united effort, in every way, to avoid payment of the judgment in this case. If the contentions made to that end were upheld, it would, in large measure, afford immunity from liability and invite evasion of legal responsibility.
The contention that the attached property can only be pursued in equity through a creditor’s bill is, I think, without merit. Such a proceeding is to reach equitable interests of a judgment debtor. But, according to the views here taken, the assets in question are the property of the judgment debtor, free from any title or lien of others. It is on this theory that the attachments will be sustained.
The Court will await a conference with counsel for the several parties concerning appropriate orders to be entered in conformity with the conclusions here stated.